UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-                                     **OPINION & ORDER**
                                                05-CR-630 (SJF)

DOMINGO RODRIGUEZ AND
JORGE GARCIA-REYLOSO,

                    Defendants.
---------------------------------------------------------X
FEUERSTEIN, J.

## I.    Introduction

On September 28, 2006, defendants Domingo Rodriguez and Jorge Garcia-Reyloso were convicted by a jury of hostage taking in violation of 18 U.S.C. § 1203(a); transporting an alien not legally present in the United States for the purpose of commercial advantage in violation of 8 U.S.C. § 1324; and conspiracy to transport an illegal alien for commercial advantage.[1] Defendant Domingo Rodriguez ("Defendant") now moves for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, or in the alternative for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Defendant also requests the assignment of new counsel, claiming ineffective assistance of counsel.

For the reasons set forth below, Defendant's motions are denied.

## II.    Procedural History

At the close of the government's case-in-chief, the defendants moved for a judgment of acquittal, arguing that the government failed to establish: (1) lack of consent on the part of the victim; and (2) that the defendants knew the victim was an illegal alien. (Transcript, "Tr." at 867). The Court denied the defendants' motion. Id. Defendants did not make another motion at the close of the defense case. Counsel for defendant Rodriguez requested to reserve his Rule 29 motion until after the verdict, stating "there could potentially be issues based upon the verdict and what the verdict would be that would affect the Rule 29 motions." (Tr. 1059). Following the rendering of the verdict, Defendants' moved for a judgment of acquittal on all counts of the conviction pursuant to Rule 29(c). Defendants were granted leave to file briefs in support of their motion. Accordingly, the Court reserved judgment.

---

[1] The jury found Defendants not guilty of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and conspiracy to kidnap.

## III. Analysis

### A. Rule 29 Motion Standard

A defendant challenging the sufficiency of the evidence under Rule 29 bears a "heavy burden." United States v. Thomas, 377 F.3d 232, 237 (2d Cir. 2004); United States v. Desena, 260 F .3d 150, 154 (2d Cir. 2001); United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000). The evidence must be viewed in the light most favorable to the government and all permissible inferences must be drawn in its favor. See United States v. Irving, 452 F.3d 110, 117 (2d Cir. 2006); United States v. Jones, 393 F.3d 107, 111 (2d Cir. 2004),

A jury verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999) (emphasis, internal quotation marks and citation omitted). "In other words, the court may enter a judgment of acquittal only if the evidence that the defendant committed the crime is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted).

In assessing the proof at trial, the Court must analyze each piece of evidence "not in isolation but in conjunction," United States v. Matthews, 20 F.3d 538, 548 (2d Cir.1994), and must apply the sufficiency test "to the totality of the government's case and not to each element, as each fact may gain color from others." Guadagna, 183 F.3d at 130.

### B. Insufficient Evidence

Defendant asserts that "the Court should grant the motion for acquittal as to all Counts of the conviction due to the insufficiency of the evidence to prove the defendant's guilt beyond a reasonable doubt." However, the defendant's arguments only pertain to the insufficiency of Count Two (Hostage Taking). Insofar as Defendant moved to dismiss Counts Four (Conspiracy to Transport an Illegal Alien for Commercial Advantage or Private Financial Gain) and Five (Transporting an Illegal Alien for Commercial Advantage or Private Financial Gain), such application is denied. Defendant's arguments regarding Count Two are addressed in greater detail below.

#### i. Inconsistent Verdicts

Defendant contends that the government's proof on Count Two was insufficient because it failed to demonstrate that Azucena Mendez was seized or detained for an appreciable period of time. In support of this argument, Defendant points to the jury's verdict of acquittal as to Count One (Conspiracy to Commit Hostage Taking) and Count Three (Kidnapping). Defendant suggests that this inconsistency proves that the jury adopted the theory that the only time Azucena Mendez was either seized or detained was at the Monmouth Service Area on the Garden State Parkway. (Defendant's Letter Motion, "Def. Ltr." at 3).

A criminal defendant may not contest a conviction by a jury on one count simply because the conviction is inconsistent with the jury's verdict of acquittal on another count. See Dunn v. United States, 283 U.S. 390 (1932), accord United States v. Powell, 469 U.S. 57, 65 (1984). Thus, this argument is not a proper basis for challenging the sufficiency of the government's evidence.

#### ii. Post-Verdict Juror Statements

Defendant also alleges that several jurors informed counsel after the trial that the basis for their

conviction on Count Two was the evidence of Azucena Mendez's detention at the Monmouth Service Area. (Def. Ltr. 3, 6). Federal Rule of Evidence 606(b) prohibits the use of this type of information from jurors to impeach a verdict.

Federal Rule of Evidence 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, **a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith**, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes. (Emphasis added).

The Supreme Court has clearly warned that post-trial inquiry into a verdict severely undermines the confidentiality of jury deliberation and erodes the finality of verdicts. See McDonald v. Pless, 238 U.S. 264, 267 (1915). Here, defendant alleges that "five members of the jury specifically stated that the only period during which they found that Azucena Mendez was detained was during the period of time between Julio Lopez requesting her release and Trooper Powell removing her from the van." (Def. Ltr. 3). This is precisely the type of statement that Rule 606(b) prohibits. The statement only addresses the deliberative process of the jurors. The government presented sufficient evidence at trial that Azucena Mendez was seized or detained at MacArthur Airport, and therefore was held for an appreciable period of time. The juror statements presented by counsel are not evidence the Court is permitted to consider. Accordingly, the defendant's claim must fail.

### C. Venue

Defendant asserts for the first time that the government failed to establish venue within the Eastern District of New York, basing his argument on the inconsistent verdict and the juror statements referred to above.

However, failure to prove venue cannot be asserted for the first time after a verdict, as is the case here. United States v. Vinieris, 606 F. Supp. 1390, 1396 (S.D.N.Y. 1985) (Weinfeld, J.). See also United States v. Cordero, 668 F. 2d 32, 44 (1st Cir. 1981) (Breyer, J.).

Insofar as Defendant also argues that the proper venue for the trial of the indictment was the District of New Jersey, a claim that evidence is insufficient to sustain venue, if not raised in a pre-trial motion or as a specific basis for a judgment of acquittal at the close of the case-in-chief, is deemed waived. See United States v. Price, 447 F.2d 23, 27 (2d Cir.), cert. denied, 404 U.S. 912, 92 S.Ct. 232, 30 L.Ed.2d 186 (1971). Thus, Defendant's Rule 29 motion is denied.

### D. Rule 33 Motion

Rule 33 states that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33. The rule by its terms gives the trial court "broad

discretion to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir.1992). See United States v. Robinson, 430 F.3d 537, 543 (2d Cir. 2005). The court "must strike a balance between weighing the evidence and credibility of witnesses and not wholly usurp[ing] the role of the jury." United States v. Ferguson, 246 F.3d 129, 133 (2d Cir.2001) (internal quotation marks and citation omitted, brackets in original). Rule 33 motions should be granted "'sparingly' and in 'the most extraordinary circumstances.'" Id. at 134 (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir.1992)). "[O]n a Rule 33 motion to vacate, the ultimate test is whether letting a guilty verdict stand would be a manifest injustice. In other words, there must be a real concern that an innocent person may have been convicted." United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2006) (internal quotation marks, citations and brackets omitted).

Defendants have failed to demonstrate that the jury's verdict is a "manifest injustice" or that "extraordinary circumstances" are present in this case. Defendants do not even raise any distinct grounds for their Rule 33 motion beyond that which was presented in support of the Rule 29 motion. Accordingly, Defendants' Rule 33 motion is denied.

### E. Ineffective Assistance of Counsel

Defendant requests that his trial counsel, Allan M. Nelson, be discharged and that he be provided with new counsel. Defendant claims that, at trial, he noticed the prosecutor "signaling" a witness during cross-examination, and that Nelson failed to take any action when Defendant notified him of this alleged impropriety.

A petitioner raising a Sixth Amendment ineffective assistance of counsel claim must prove that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A court's review of such a claim is "highly deferential" and the petitioner must overcome the presumption that counsel's conduct falls within the range of reasonable performance. Id. at 689. "Tactical decisions made after thorough investigation are virtually unchallengeable." Castillo v. Donelly, 2007 WL 1395463 (E.D.N.Y. 2007) (citing Strickland, 466 U.S. at 690).

Viewing the record as a whole, Defendant received meaningful representation. The defense counsel presented a reasonable defense, interposed appropriate objections, effectively cross-examined witnesses, and delivered cogent opening and closing statements.

After examining Defendant's claim, the Court finds it to be without merit and it is therefore denied.

## IV.    Conclusion

For the reasons set forth above, Defendant's motion for a judgment of acquittal, or in the alternative, for a new trial, is DENIED. Defendant's motion to appoint new counsel is also DENIED.

SO ORDERED

_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated: October 5, 2007
Central Islip, New York